**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RICHARD BARKER,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-185-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Richard Barker, TDCJ # 925332, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On May 9, 2000, Barker entered a negotiated guilty plea to aggravated kidnapping in Case

No. 0751129D in the Criminal District Court Number One of Tarrant County, Texas, and was sentenced to forty years' confinement. (State Habeas R. at 20.) Barker did not directly appeal his conviction or sentence. (Petition at 3.) On December 7, 2004, Barker filed an application for writ of habeas corpus in state court, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on May 4, 2005. (*Id.* at cover.) Barker filed this federal petition for writ of habeas corpus on March 16, 2007.[1] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations. In several documents, apparently filed in reply, Barker claims his petition should not be time-barred because of the long-term effect of drugs he was administered at the time of the crime, his mental illness, and his low I.Q. (Pet'r Notice of Appeal and request for a certificate of appealability.)

D.  STATUTE OF LIMITATIONS

Quarterman argues that Barker's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 4-6.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the

---

[1] A pro se habeas petition is generally filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Barker does not indicate in the petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of March 16, 2007. Thus, for purposes of this proceeding, Barker's petition is deemed filed on March 16, 2007.

2

      conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

      Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, the judgment of conviction became final upon expiration of the time that Barker had for filing a timely notice of appeal on June 8, 2000. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, the one-year limitations period began to run on June 9, 2000, and closed on June 9, 2001, absent any applicable tolling.

      Barker's state habeas application, filed after limitations had already expired, did not operate

---

[2] There are no allegations that the state imposed an unconstitutional impediment to the filing of Barker's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Barker's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Barker alleged and demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Moreover, allegations of a low I.Q. and/or mental incompetency or mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition, incompetency or illness rendered the petitioner unable to pursue his legal rights during the relevant time period. *See Fisher*, 174 F.3d at 715-16. Other than a mere assertion that he receives SSI benefits due to mental illness, Barker provides no basis for this court to conclude that his mental state was so impaired during the relevant time period that he could not pursue his legal remedies before the expiration of the statute of limitations. Barker's conclusory claims that he was "not in his right mind" during the relevant time period due to drugs, mental incompetency, mental illness, and low I.Q. are insufficient to warrant equitable tolling.

Barker's federal petition was due on or before June 9, 2001. His petition filed beyond the limitations period and is, therefore, untimely.

## II.  RECOMMENDATION

Barker's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 5, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 5, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.     It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

    SIGNED June 13, 2007.

                                               /s/   Charles Bleil
                                          CHARLES BLEIL
                                          UNITED STATES MAGISTRATE JUDGE